## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELINA BLOCKER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **COMMUNITY EDUCATION CENTERS,** | : | |
| **INC.,** | : | |
| **Defendant.** | : | **No. 13-5127** |

### MEMORANDUM

PRATTER, J.                                                                                    FEBRUARY 24, 2015

Not long after Angelina Blocker filed suit against her former employer, she ceased participating in the litigation she initiated. After unsuccessful efforts to engage Ms. Blocker's participation, the Court granted her former counsel's motion to withdraw based upon this lack of participation. Now Defendant Community Education Centers moves to dismiss the case for lack of prosecution. Consistent with the history of this case, Ms. Blocker has not responded to the motion. The Court finds that Ms. Blocker has abandoned this suit and therefore will dismiss it.

### BACKGROUND

Ms. Blocker filed a Complaint alleging racial discrimination and other related claims against her former employer, Community Education Centers.[1] After resolution of an earlier motion to dismiss, the only claims that remain are Ms. Blocker's libel and slander claims, in which she asserts that Community Education Centers libelled and/or slandered her by "publishing and/or disseminating" a pretextual reason for her termination, namely, that she falsified a report, to detectives, the Office of the District Attorney, the Department of Labor, the

---

[1] According to her 37-page Complaint, Ms. Blocker, an African-American female, began her employment at the George W. Hill Correctional Facility as a corrections officer on August 2, 2002. Defendant Community Education Centers began operating the prison at which she was employed in 2009.

Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, and others at the prison.

As early as the Initial Pretrial Conference in June, 2014, Ms. Blocker's attorneys disclosed to the Court that they were having trouble communicating with their client.  Just days before the close of discovery, counsel for Ms. Blocker sent the Court a letter, stating that they had not been able to get in touch with their client for months and seeking guidance from the Court.  On October 22, 2014, counsel for Ms. Blocker filed a motion to withdraw, again outlining their inability to reach their client.  The Court twice ordered counsel to supplement the motion with additional evidence concerning efforts to reach Ms. Blocker and stayed the remaining case deadlines while awaiting the supplements.  Eventually, after a hearing that Ms. Blocker did not attend despite ample notice, the Court granted counsel's motion to withdraw.

After the Court lifted the stay, Community Education Centers filed a motion to dismiss for lack of prosecution.  In that motion, Community Education Centers outlines Ms. Blocker's lack of responsiveness, including multiple failures to respond to any discovery requests, and also including her failure to appear for her deposition on two occasions.  The Court twice set response deadlines for any opposition to the motion and ordered Community Education Centers to serve Ms. Blocker via first class mail and Federal Express with the motion and the Orders setting response deadlines.  Despite this notice, Ms. Blocker failed to respond to the pending motion, which the Court concludes is ripe for resolution.

LEGAL STANDARD

Under Rule 41(b), a defendant may move to dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order."  When Rule 41(b) is invoked, the Court often is required to consider certain specific factors established by the Third Circuit Court of

Appeals.  *See Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). However, the Court need not undertake a *Poulis* analysis when a plaintiff willfully refuses to prosecute his or her action.  *See Spain v. Gallegos,* 26 F.3d 439, 455 (3d Cir.1994) (affirming the district court's decision to *sua sponte* dismiss some of the plaintiff's claims, because "in contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward, [the plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court").

### DISCUSSION

As the procedural history of this case illustrates, Ms. Blocker has entirely disengaged from this action.  The Court is satisfied that Ms. Blocker's conduct demonstrates that she does not intend to proceed in prosecuting her case.  She has failed to comply with the Court's orders and has not cooperated on discovery matters. Such behavior has forced the opposing party to engage in costly and time consuming motion practice to achieve dismissal of the claims against it.  Moreover, Community Education Centers has been prejudiced by Ms. Blocker's lack of cooperation.  This is particularly true for discovery purposes, as Defendant is handicapped in defending Ms. Blocker's claims when she will not even submit to a deposition to answer the most basic questions about her case.  Because of the burden that the Community Education Centers would face in continuing its defense without Ms. Blocker's required cooperation, it would be inappropriate to prolong this action.  Accordingly, the Court will grant the motion to dismiss.  *See Shipman v. Delaware,* 381 F. App'x 162, 163–64 (3d Cir. 2010) (dismissing a case under similar circumstances for lack of prosecution); *McLucas v. Kindred Healthcare, Inc.*, Civil Action No. 11-7496, 2013 WL 4774459 (E.D. Pa. Sept. 6, 2013) (same); *Joobeen v. City of Phila.,* No. 09–1376, 2011 WL 710220 (E.D. Pa. Feb. 28, 2011) (same).

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss for lack of prosecution.  An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE